IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ASHLAND SPECIALTY INGREDIENTS G.P.,<br><br>                Plaintiff,<br><br>v.<br><br>LIFETECH PHARMA, LLC,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 1:22-CV-00080-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Ashland Specialty Ingredients' Motion for Summary Judgment on (1) Plaintiff's Breach of Contract Cause of Action and (2) Defendant's Affirmative Defenses.[1] For the reasons discussed below, the Court grants Plaintiff's Motion.

I. BACKGROUND

Plaintiff is a global chemical manufacturing company that manufactures additives and specialty ingredients for use in various industries.[2] Defendant LifeTech is a pharmaceutical and medicine manufacturer that manufactures dietary supplements and over the counter products such as hand sanitizers.[3]

In 2020, Plaintiff and Defendant entered into an agreement wherein Plaintiff agreed to sell to Defendant Klucel Hydroxypropylcellulose ("the Product"), which Defendant intended to use in the manufacture of hand sanitizer. In turn, Defendant agreed to pay for the Product

---

[1] Docket No. 25.

[2] *Id.* at 1.

[3] *Id.*

according to the rates and terms agreed upon by parties.[4] Plaintiff alleges that, after it timely delivered the goods, Defendant failed to remit payment and thus damaged Plaintiff.[5]

The statement of undisputed material fact establishes that Plaintiff delivered the Product to Defendant in four releases, and three of those releases remain unpaid.[6] Defendant accepted, without rejection due to nonconformance, delivery of all four releases of the Product, each of which conformed with specifications outlined in the parties' agreement.[7]

Despite negotiations between the parties attempting to reach an agreement on the balance owed by Defendant,[8] Plaintiff filed the Complaint on June 24, 2022, bringing breach of contract, unjust enrichment, and promissory estoppel claims against Defendant.[9] Defendant answered on September 14, 2022, addressing the allegations and bringing several affirmative defenses.[10] Plaintiff now moves for summary judgment on (1) Ashland's first cause of action for breach of contract and (2) Defendant LifeTech Pharma, LLC's affirmative defenses.[11] Defendant filed a Response to the Motion on October 2, 2023, stating it does not oppose Plaintiff's Motion.[12]

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] In

---

[4] *Id.* at 1–2.
[5] Docket No. 2 ¶¶ 4–6.
[6] Docket No. 25 ¶¶ 8–18.
[7] *Id.* ¶¶ 28–31.
[8] *Id.* ¶¶ 33–47.
[9] Docket No. 2.
[10] Docket No. 7.
[11] Docket No. 25, at 1.
[12] Docket No. 27.
[13] Fed. R. Civ. P. 56(a).

considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[14] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[15]

In a summary judgment motion, the nonmoving party's non-opposition does not permit a district court to automatically grant the motion. Instead, the Court must examine "the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[16]

### III. DISCUSSION

A. *Breach of Contract Claim*

The parties' agreement provides that it is to be governed by the laws of the State of New York.[17] To prevail on a claim for breach of contract, New York law requires Plaintiff to prove "(1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages."[18] Because the contract at issue involves the sale of goods, Article 2 of the Uniform Commercial Code governs the contract.[19]

First, it is undisputed that the parties had an agreement that constituted a valid and binding contract. Defendant delivered a purchase order to Plaintiff for 19,341.36 kilograms of

---

[14] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[15] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[16] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[17] Docket No. 25, at 12.

[18] *LG Cap. Funding, LLC v. M Line Holdings, Inc.*, 422 F. Supp. 3d 739, 755 (E.D.N.Y. 2018) (internal quotation marks and citation omitted).

[19] N.Y. U.C.C. Law § 2-101 (McKinney); *see also* UCC § 2-101.

the Product on May 7, 2020.[20] In keeping with Plaintiff's policy regarding the type of Product requested, Defendant signed specification waivers for the Product it had ordered.[21] Plaintiff's terms and conditions specifying that payment was due within 30 days of receipt were referenced at the bottom of each invoice Defendant received.[22] Defendant raised no objection nor identified any disagreement with those terms and conditions or the quality of the delivered Product.[23] As both parties are merchants, the additional terms contained in Plaintiff's terms and conditions were incorporated into the parties' agreement due to Defendant's failure to raise any objections to the terms.[24] Defendant also admitted the existence of a contract between the parties in its response to Plaintiff's interrogatory.[25] Therefore, the Court finds that the parties entered into a valid contract requiring Defendant pay the amount due to Plaintiff within 30 days of receipt in exchange for delivery of the Product.

Second, there is no dispute that Plaintiff performed on the parties' contract by delivering the four releases of the Product according to their agreement. The three unpaid releases at issue in the case were received by Defendant on June 25, 2020; June 27, 2020; and July 1, 2020, respectively.[26] Defendant accepted delivery of the Product.[27] There is no dispute that the Product

---

[20] Docket No. 25 ¶ 5.

[21] *Id.* ¶¶ 6–7.

[22] *Id.* ¶¶ 24–27.

[23] *Id.* ¶¶ 22–27.

[24] N.Y. UCC Law § 2-207(2)(a)–(c) (McKinney); Docket No. 26-9 ¶ 4; Docket No. 26-16 ¶¶ 14–15.

[25] Docket No. 26-1, at 4 ("Response: There was a contract between the parties").

[26] Docket No. 25 ¶¶ 9–19.

[27] Docket No. 26-1, at 8 ("Response: Admit that Defendant accepted delivery of the first two releases").

conformed with the specifications in the parties' contract and was merchantable and not defective.[28] Thus, the Court finds that Plaintiff properly performed on the parties' contract.

Third, there is no dispute that Defendant breached the parties' contract by failing to pay for three of the releases of the Product within 30 days of delivery of the respective releases.[29] Despite discussions regarding payment of the owed balance between the parties, Defendant has neither paid the balance nor acted on any proposed arrangements to address the remaining balance.[30] Therefore, the Court finds that Defendant breached the parties' contract.

Fourth, there is no dispute that Plaintiff was damaged by Defendant's breach. Taking into consideration credits, deductions, and partial payments, Plaintiff is still due $695,501.48 for the delivered product.[31] Thus, the Court finds that Plaintiff is entitled to summary judgment on its breach of contract claim. Since "quasi-contractual remedies are unavailable where there exists a valid and enforceable agreement governing the particular subject matter," and because there is no dispute about the existence of a valid contract, Plaintiff's remaining claims are subject to dismissal.[32]

Therefore, the Court grants summary judgment on Plaintiff's breach of contract claim and dismisses its alternative claims.

---

[28] Docket No. 26-1, at 8–9; Docket No. 26-10, at 2.
[29] Docket No. 25 ¶ 32; *see also* Docket No. 26-16 ¶ 17; Docket No. 26-18 ¶ 4.
[30] Docket No. 26-16 ¶¶ 16–19, 21–25; Docket No. 26-18 ¶¶ 4–13.
[31] Docket No. 25 ¶ 48–53; Docket No. 26-18 ¶ 19.
[32] *Kramer v. Greene*, 142 A.D.3d 438, 441 (N.Y. Sup. Ct. 2016).

B. *Defendant's Affirmative Defenses*

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[33] "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial."[34]

Defendant voluntarily withdrew its second defense, which alleged fault to third parties.[35] Defendant's third defense "asserts all permissible affirmative defenses set forth in Utah Rule of Civil Procedure 8(c)."[36] Construing this as a reference to the Federal Rules of Civil Procedure, Rule 8(c) sets forth the grounds for permissible affirmative defenses, including "accord and satisfaction, arbitration and award, assumption of risk, comparative fault, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver." As discussed, it is undisputed that Plaintiff delivered conforming Product to Defendant, Defendant accepted the Product with no objections, and Defendant failed to pay for all the Product delivered. Defendant has not supported any of the affirmative defenses required to demonstrate a genuine issue of fact regarding Plaintiff's performance of the contract and Defendant's failure to perform.

---

[33] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[34] *Id.* at 324 (internal quotation marks omitted).

[35] Docket No. 26-1, at 4.

[36] Docket No. 7, at 5.

Defendant's fourth and fifth defenses are based on unclean hands and unconscionability, respectively.[37] "Courts apply the maxim requiring clean hands where the party asking for the invocation of an equitable doctrine has committed some unconscionable act that is directly related to the subject matter in litigation and has injured the party attempting to invoke the doctrine."[38] Defendant asserts the fact that Plaintiff shipped more Product than Defendant ordered as the basis for these defenses.[39] However, Plaintiff shipped less Product than Defendant ordered. Defendant issued a purchase order to Plaintiff for 19,341.36 kilograms of the Product to be sent in three releases,[40] and Plaintiff shipped 18,007.92 kilograms of Product.[41] Therefore, Plaintiff committed no unconscionable act that injured Defendant, and its hands are clean.

The Defendant's sixth defense is that Plaintiff failed to mitigate damages.[42] Mitigation of damages does not apply here. Plaintiff delivered the Product as requested, and Defendant accepted it without timely rejection. Plaintiff is entitled to payment for the accepted Product.

Defendant's seventh defense is that Plaintiff's equitable claims are barred by the economic loss doctrine.[43] With the dismissal of Plaintiff's equitable claims, the economic loss doctrine is inapplicable here.

Defendant's eighth defense is that any equitable claims are barred by the existence of a legal remedy.[44] The equitable claims brought by Plaintiff are pled in the alternative, so they do

---

[37] *Id.*

[38] *PenneCom B.V. v. Merrill Lynch & Co., Inc.*, 372 F.3d 488, 493 (2d Cir. 2004) (internal quotation marks and citation omitted).

[39] Docket No. 26-1, at 4.

[40] Docket No. 26-16 ¶ 7; Docket No. 26-2.

[41] Docket No. 26-17 ¶¶ 4, 15.

[42] Docket No. 7, at 5.

[43] *Id.*

[44] Docket No. 7, at 5.

7

not affect Plaintiff's legal claims or remedies.[45] Plaintiff asserts that it will dismiss its equitable claims with prejudice if it succeeds on the breach of contract claim.[46]

Defendant's ninth defense argues that Plaintiff's claims are barred by failure of consideration.[47] "Failure of consideration exists wherever one who has promised to give some performance fails without his or her fault to receive in some material respect the agreed quid pro quo for that performance."[48] Here, Plaintiff did not fail to provide performance. Rather, Plaintiff provided conforming Product as requested by Defendant, and Defendant thus does not have the right to rescind the contract due to failure of consideration.

Therefore, the Court will grant summary judgment in favor of Plaintiff on each of Defendant's affirmative defenses.

## IV. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 25) is GRANTED.

DATED this 5th day of February, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[45] *Gulf Coast Sippers Ltd. P'ship v. DHL Exp. (USA), Inc.*, No. 2:09-CV-00221, 2015 WL 4557573, at *19 (D. Utah July 28, 2015) ("[A] party may plead claims in the alternative, even if the claims appear to be facially contradictory.") (citation omitted).

[46] Docket No. 25, at 23.

[47] Docket No. 7, at 5.

[48] *Indep. Energy Corp. v. Trigen Energy Corp.*, 944 F. Supp. 1184, 1199 (S.D.N.Y. 1996) (internal quotation marks and citation omitted).